UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

---------------------------------------------------------------------------x
Deysi Arriaza,

    Plaintiff,

C.A. No.:

    v.

Experian Information Solutions, Inc.,
Toyota Motor Credit Corporation

    Defendant(s).
---------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Deysi Arriaza ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Experian Information Solutions, Inc. ("Experian") and Defendant Toyota Motor Credit Corporation ("Toyota") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Maryland, County of Baltimore, residing at 5720 Winner Avenue, Baltimore, MD 21215.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Maryland, and may be served with process upon The Corporation Trust, Inc., its registered agent for service of process at 2405 York Road, Suite 201, Lutherville-Timonium, MD 21093.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Toyota Motor Credit Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process c/o The Corporation Trust, Inc., its registered agent for service of process at 2405 York Road, Suite 201, Lutherville-Timonium, MD 21093.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Toyota Dispute and Violation

11. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to a Toyota Finance account.

12. The inaccurate information furnished by Defendant Toyota and published Experian is inaccurate because the Experian trade line contains a conflicting "written off" and "past due" balance.

13. For an account to be considered accurate according to the Metro-2 credit industry guidelines for a furnisher such as Toyota, an account that is charged off should have the same past due balance as the overall balance.

14. However, the account is listed as follows:

    Written off: $10,068

    Past Due: $7035

15. When the balance and past due amounts do not match up, any payment made would only be subtracted from the total balance, inevitably causing confusion as to the amount owed for any potential creditors evaluating the consumers credit report, as well as potentially leaving a past due balance when the overall balance reaches zero.

16. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

17. Plaintiff notified Experian that she disputed the accuracy of the information being reported on or around February 24, 2020, specifically stating in a letter that she was disputing the reporting of the Toyota tradeline.

18. It is believed and therefore averred that Experian notified Defendant Toyota of the Plaintiff's dispute.

19. Upon receipt of the dispute of the accounts from Experian, Toyota failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of the Plaintiff with respect to the disputed account.

20. Had Toyota done a reasonable investigation it would have been revealed to Toyota that the account lists inconsistent and improper balances.

21. Furthermore, the verification of the credit reporting by Toyota to Experian amounts to a willful action and a clear failure to follow the Metro-2 guidelines that furnishers are required to follow.

22. Additionally, Defendant Toyota failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

23. Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Experian did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

24. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

25. Had Experian done a reasonable investigation of the Plaintiff's dispute it would have been revealed to Experian that the written off amount was being reported inaccurately in relation to the past due balance.

26. Experian continued reporting of this account, inaccurately and contrary to the Metro-2 guidelines, amounts to willful violation of the FCRA.

27. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

28. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

30. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

31. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

32. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

33. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

34. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

35. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Deysi Arriaza, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

38. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

39. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

41. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

42. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Deysi Arriaza, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Toyota)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

45. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

46. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

47. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must report the results to other agencies which were supplied such information.

48. The Defendant Toyota violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

49. Specifically, Defendant Toyota continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

50. Furthermore, the verification of the credit reporting by Toyota to Experian amounts to a willful action and a clear failure to follow the Metro-2 guidelines that furnishers are required to follow.

51. Finally, the Defendant Toyota failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

52. As a result of the conduct, action and inaction of the Defendant Toyota, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

53. The conduct, action and inaction of Defendant Toyota was willful, rendering Defendant Toyota liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Toyota in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Deysi Arriaza, an individual, demands judgment in her favor against Defendant Toyota for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant Toyota)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

57. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

58. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

59. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

60. Defendant Toyota is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

61. After receiving the Dispute Notice from Experian, Defendant Toyota negligently failed to conduct its reinvestigation in good faith.

62. A reasonable investigation would require a furnisher such as Defendant Toyota to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

63. Had Toyota done a reasonable investigation they would have seen that the written off balance on the account in question, was being reported incorrectly in relation to the total balance.

64. Additionally, the Defendant Toyota failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

65. The conduct, action and inaction of Defendant Toyota was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

66. As a result of the conduct, action and inaction of the Defendant Toyota, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Toyota in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Deysi Arriaza, an individual, demands judgment in her favor against Defendant Toyota, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

68. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: October 22, 2020

Respectfully Submitted,

/s/ Aryeh E. Stein
**Meridian Law, LLC**
By: Aryeh E. Stein, Fed. Bar 24559
600 Reisterstown Road
Suite 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061
astein@meridianlawfirm.com